E-FILED
Thursday, 05 March, 2026  03:05:55 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS**

---

**MARK MASON,**
**ROBY IRBY,** and
**DAVID W. SHAFFER,**

Plaintiffs,

v.

**SPRINGFIELD PARK DISTRICT POLICE DEPARTMENT**,
**Patrick Murphy**, individually and in his official capacity,
**Jason Morrison**, individually and in his official capacity, and
**Cindy Knust-Higgins**, individually and in her official capacity,

Defendants.

Case No.  26-cv-3077

**FILED**
3/5/2026
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

---

### COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND JURY DEMAND

---

# I. JURISDICTION AND VENUE

1. This action arises under:
   a. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.;
   b. 42 U.S.C. § 1981;
   c. 42 U.S.C. § 1983;
   d. The Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.;
   e. The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.;
   f. The Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.;
   g. Illinois common law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Supplemental jurisdiction over state law claims exists under 28 U.S.C. § 1367.

4. Venue is proper in this District because the events occurred within the Central District of Illinois.

## II. PARTIES

5. Plaintiff Mark Mason is a 69-year-old African American male residing in Illinois.

6. Plaintiff Mason has been employed as a police officer with Defendant Springfield Park District Police since July 1, 2020, and is currently on unpaid administrative leave.

7. Plaintiff Roby Irby is a 55-year-old white male and former police officer employed approximately one year and ten months before resigning under constructive discharge.

8. Plaintiff David W. Shaffer is a 60-year-old African American male formerly employed as a part-time police officer from October 2020 through April 2023.

9. Defendant Springfield Park District Police Department is a municipal entity acting under color of state law.

10. Defendant Patrick Murphy was, at all relevant times, Chief of Police and final policymaker for the Department.

11. Defendant Jason Morrison was a supervisory Sergeant acting under color of state law.

12. Defendant Cindy Knust-Higgins was an administrative official acting under color of state law.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff Mark Mason

13. Plaintiff Mason is the oldest officer in the department and identifies as African American.

14. He was denied proper Field Training Officer (FTO) training routinely provided to newly hired white officers.

15. He volunteered unpaid hours to train himself due to denial of proper training.

16. He was denied use of a properly functioning squad car and assigned vehicles with operational problems.

17. He complained to Chief Murphy regarding discriminatory treatment based on race and age. When meetings were held with Chief Murphy, Ms. Knust-Higgins would cover up Murphy's wrongdoing by making sure he was always in the right. Essentially, she would cover things up for him.

18. He was singled out and recorded while training at the gun range and subsequently written up for alleged failure to follow orders that were never given.

19. He was targeted due to race and age.

20. Plaintiff Mason possesses a lawful handicap placard but was fully capable of performing his job duties without accommodation.

21. He was placed on administrative leave for allegedly failing to disclose his handicap placard, despite no legal requirement to disclose and no request for accommodation.

22. He was placed on administrative leave for having a law enforcement-related application on his personal phone, despite no prior training and other officers merely being instructed to remove such applications.

23. He was placed on administrative leave for allegedly failing to provide gifts to the Chief intended for another officer, despite no official departmental request.

24. As a result, Plaintiff Mason suffered:
    a. Loss of wages (including off-duty employment);
    b. Emotional distress;
    c. Aggravation of medical conditions;
    d. Hostile work environment;
    e. Stress and depression.

**B. Plaintiff Roby Irby**

25. Plaintiff Irby is a white officer formerly employed by the Department.

26. He was subjected to remedial training not required of other similarly situated officers.

27. He was singled out by Chief Murphy.

28. He was the only white officer closely associated with African American officers Mason and Shaffer.

29. He was subjected to adverse treatment due to his association with minority officers.

30. Due to the hostile work environment and discriminatory treatment, he resigned under constructive discharge.

31. He suffered lost wages, reputational harm, and emotional distress.

**C. Plaintiff David W. Shaffer**

32. Plaintiff Shaffer is a 60-year-old African American male.

33. He was subjected to harassment and discriminatory treatment by Chief Murphy.

34. Chief Murphy unjustly singled him out for inspection of equipment and paperwork for purposes of discipline.

35. Chief Murphy conducted a traffic stop of Plaintiff Shaffer while he was en route to file a complaint.

36. Chief Murphy initiated an Internal Affairs investigation alleging Plaintiff failed to obtain permission to apply for out-of-state employment.

37. Chief Murphy accused Plaintiff of possessing two driver's licenses without basis.

38. Chief Murphy provided negative references to at least three law enforcement agencies.

39. Chief Murphy contacted a North Carolina agency causing Plaintiff's termination by advising them he was under investigation.

40. As a result, Plaintiff Shaffer:
    a. Lost employment opportunities with at least three agencies;
    b. Was terminated from a North Carolina agency;
    c. Lost income;
    d. Was forced to relocate out of state;
    e. Caused his spouse to resign from her position as Nurse Manager earning

approximately $125,000 annually.

41. Plaintiff filed complaints with Park District Management, but no corrective action was taken.

42. Defendant Murphy was made aware that the Park Board wanted the next Chief of Police to be black and therefore targeted Officer Mason and Shaffer.

43. Defendant Murphy also targeted Officer Irby for being friends with black officers.

# COUNTS

### COUNT I – Title VII Race Discrimination (Mason and Shaffer v. Springfield)

44. Plaintiffs reallege and incorporate Paragraphs 1–43.

45. Plaintiffs Mason and Shaffer are members of a protected class.

46. Plaintiffs were qualified.

47. Defendant subjected them to disparate treatment.

48. Similarly situated white officers were treated more favorably.

49. The conduct violates Title VII.

50. Plaintiffs suffered damages.

### COUNT II – 42 U.S.C. § 1981 (Mason and Shaffer vs. All Defendants)

51. Plaintiffs reallege Paragraphs 1–50.

52. Defendants intentionally discriminated based on race.

53. Defendants impaired contractual relationships.

54. Actions were willful and under color of state law.

55. Plaintiffs suffered damages.

## COUNT III – ADEA (Mason) (Mason vs. Springfield)

56. Plaintiff realleges Paragraphs 1–55.

57. Plaintiff was 69 years old.

58. He suffered adverse actions.

59. Younger officers were treated more favorably.

60. Age was a motivating factor.

61. Plaintiff suffered damages.

## COUNT IV – ADA (Mason vs. Springfield)

62. Plaintiff realleges Paragraphs 1–61.

63. Plaintiff possessed a handicap placard.

64. He could perform essential functions.

65. Defendant regarded him as disabled.

66. Defendant took adverse action.

67. Conduct violated ADA.

## COUNT V – Retaliation (Title VII and First Amendment) (Mason and Shaffer vs. Springfield)

68. Plaintiffs reallege Paragraphs 1–67.

69. Plaintiffs engaged in protected activity.

70. They suffered adverse action.

71. Actions were causally connected.

72. Conduct constitutes unlawful retaliation.

## COUNT VI – Equal Protection (§1983) (All Plaintiffs vs. All Defendants)

73. Plaintiffs reallege Paragraphs 1–72.

74. Defendants acted under color of state law.

75. Plaintiffs were treated differently.

76. Treatment was based on race, age, or association.

77. Conduct violated Equal Protection.

## COUNT VII – Constructive Discharge (Irby and Shaffer vs. All Defendants)

78. Plaintiffs reallege Paragraphs 1–77.

79. Working conditions were intolerable.

80. Plaintiffs resigned as a result.

81. Resignations constitute constructive discharge.

### COUNT VIII – Tortious Interference (Shaffer vs. Springfield)

82. Plaintiff realleges Paragraphs 1–81.

83. Plaintiff had valid business expectancies.

84. Murphy interfered intentionally.

85. Plaintiff suffered damages.

### COUNT IX – Defamation (Shaffer vs. Murphy)

86. Plaintiff realleges Paragraphs 1–85.

87. Murphy made false statements.

88. Statements were false or reckless.

89. Plaintiff suffered harm.

### COUNT X – Intentional Infliction of Emotional Distress (All Plaintiffs vs. All Defendants)

90. Plaintiffs reallege Paragraphs 1–89.

91. Defendants engaged in extreme conduct.

92. Conduct was intentional or reckless.

93. Plaintiffs suffered severe distress.

### COUNT XI – Reverse Race Discrimination (Irby vs. Springfield)

94. Plaintiff realleges Paragraphs 1–93.

95. Plaintiff is white and protected.

96. Plaintiff was qualified.

97. Defendant subjected him to adverse action.

98. Treatment was discriminatory.

99. Plaintiff was constructively discharged.

100.    Conduct was willful.

---

**VI. DAMAGES**

Plaintiffs seek:

A. Back pay
B. Front pay
C. Compensatory damages
D. Punitive damages (individual defendants)
E. Emotional distress damages
F. Reinstatement where applicable
G. Injunctive relief
H. Attorney's fees and costs
I. Any further relief deemed just and proper

---

**VII. JURY DEMAND**

Plaintiffs demand trial by jury on all claims.

---

Respectfully submitted,

---

/s/*Mark Mason*

Mark Mason

1304 E. Mason Street

Springfield, Illinois 62702

217.638.5054

---

*Roby Irby*

Roby Irby

6 Barley Dr.

Troy, IL 62294

309.265.5420

---

*David Shaffer*

David W. Shaffer

1825 Eastwood Lane

Rock Mount, NC 27804

562.331.7068

Date: March 4, 2026